IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOSEPH BILLETE; MARIVEL BILLETE, | ) ) ) | CIVIL NO. 13-00061 LEK-KSC |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, NATIONAL BANKING ASSOCIATION AS TRUSTEE FOR GSR 2006-OA1; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and DOES 1-50, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT FILED JANUARY 16, 2013**

On February 12, 2013, Defendant Deutsche Bank National

Trust Company, National Banking Association as Trustee for GSR

2006-OA1 ("Deutsche Bank") filed its Motion to Dismiss

Plaintiffs' Complaint Filed January 16, 2013 ("Motion"). [Dkt.

no. 5.] Plaintiffs Joseph Billete and Marivel Billete

("Plaintiffs") filed their memorandum in opposition on April 22,

2013, and Deutsche Bank filed its reply on April 29, 2013. [Dkt.

nos. 12, 13.] This matter came on for hearing on May 13, 2013.

Appearing on behalf of Deutsche Bank was Sofia McGuire, Esq., and

appearing on behalf of Plaintiffs was Katherine Holstead, Esq.

After careful consideration of the Motion, supporting and

opposing memoranda, and the arguments of counsel, Deutsche Bank's

Motion is HEREBY GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

## BACKGROUND

Plaintiffs purchased their residence, 91-1031 Makaike Street, Ewa Beach, Hawai`i ("the Property"), in 2000. [Complaint at ¶¶ 3, 7.] The Deed to the Property was recorded with the Land Court on July 31, 2000 as document number 2641152 on certificate of title number 559,260, and certificate of title number 559,741 was issued. [Id., Exh. 1.] In 2006, Plaintiffs obtained a $530,000.00 loan from HCL Finance, Inc. ("HCL"), secured by a Mortgage on the Property. The Mortgage was recorded with the Land Court on March 10, 2006 as document number 3402137 on certificate of title number 559,741. [Complaint, Exh. 2.] The Mortgage identifies Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") as a separate corporation acting as a nominee for HCL and HCL's successors and assigns. [Id. at 1.]

The Complaint alleges that, on August 24, 2012, Deutsche Bank filed an ejectment action in a state district court, based upon a nonjudicial foreclosure of the Mortgage. [Complaint at ¶ 9.] Deutsche Bank's Quitclaim Deed Pursuant to Power of Sale ("Quitclaim Deed") to the Property was recorded with the Land Court on July 5, 2012 as document number T-8221287 on certificate number 559,741, and a new certificate of title was issued, number 1044607. [Id., Exh. 3.] Plaintiffs allege that

Deutsche Bank did not have standing either to foreclose on the Property or to sue for ejectment because it never properly obtained the Mortgage.  Plaintiffs allege the Assignment in which MERS purportedly transferred ownership of the Mortgage from HCL to Deutsche Bank is ineffective because it was procured by fraud. The Assignment is dated August 6, 2009, and was recorded with the Land Court on September 16, 2012 as document number 3898298 on certificate number 559,741.  [Complaint at ¶¶ 10-12; id., Exh. 4 (Assignment).]  According to Plaintiffs, HCL informed them that it had sold Plaintiffs' loan to IMPAC Funding Corporation ("IMPAC").  [Complaint at ¶ 13; id., Exh. 5 (letter dated 3/20/06 to Plaintiffs from HCL Customer Service).]  Thus, Plaintiffs allege that, at the time of the Assignment, HCL no longer had an ownership interest in Plaintiffs' loan and, in fact, the entity itself had already been dissolved.  [Complaint at ¶¶ 14-15.] Further, Deutsche Bank's trust, to which the Assignment purportedly assigned Plaintiffs' loan ("the Trust"), closed by its own terms on August 24, 2006, and Plaintiffs allege that the Trust could not have accepted new assets in 2009.  Plaintiffs allege that Deutsche Bank had no authority either to accept Plaintiffs' loan in 2009 or to foreclose upon the loan in 2012. [Id. at ¶¶ 17-18, 22.]

          In addition, Plaintiffs assert that the foreclosure is void because the terms of their loan were predatory and because

the manner in which the loan servicer, IndyMac Bank ("IndyMac"), abruptly increased Plaintiffs' monthly payments violated certain provisions of the loan documents.  Plaintiffs claim that any default that they committed should be excused because it was the direct result of the lender's illegal acts.  [Id. at ¶¶ 24-30.] Plaintiffs also allege that IndyMac's actions when Plaintiffs inquired about a loan modification constitute unfair and deceptive acts.  [Id. at ¶ 31.]

Plaintiffs allege the following claims: wrongful foreclosure and wrongful ejectment against Deutsche Bank ("Count I");[1] a claim for injunctive relief against Deutsche Bank ("Count II"); fraud against Deutsche Bank and MERS ("Count III"); breach of contract against Deutsche Bank ("Count IV"); and unfair and deceptive acts and practices ("UDAP") against Deutsche Bank and MERS ("Count V").  Plaintiffs seek the following relief: a declaratory judgment that the Assignment and all of the foreclosure documents are null and void; an order striking the Assignment and the foreclosure documents from the Land Court records; an injunction against Deutsche Bank and against any prior or subsequent trustee or agent of the Trust precluding the

_____

[1] Although Count I is titled "Wrongful Foreclosure, Wrongful Ejectment and Quiet Title Against Deutsche Bank", [Complaint at pg. 14,] Plaintiffs' counsel represented at the hearing that there is not a quiet title claim in the Complaint.  Further, the lack of the required tender allegation, see Klohs v. Wells Fargo Bank, N.A., 901 F. Supp. 2d 1253, 1262-63 (D. Hawai`i 2012), also indicates that Plaintiffs are not asserting a quiet title claim.

enforcement of either the mortgage loan or the foreclosure; actual and treble damages; attorneys' fees and costs; and any other appropriate relief.

I.   **Motion**

In the instant Motion, Deutsche Bank characterizes Plaintiffs' Complaint as an effort to stall their inevitable ejectment from the Property, which Plaintiffs no longer own. Deutsche Bank emphasizes that it prevailed in the state district court ejectment action and that the state district court filed the Judgment for Possession and Writ of Possession on November 15, 2012.  Further, on January 8, 2013, the state district court denied Plaintiffs' motion for reconsideration of its dispositive order denying Plaintiffs' motion to dismiss and granting Deutsche Bank's motion for summary judgment.  Plaintiffs have appealed the state district court's rulings, and the appeal is currently pending before the Intermediate Court of Appeals ("ICA"). Deutsche Bank argues that the instant case is an attempt to relitigate the same defenses to the ejectment that the parties litigated in the state district court.  [Mem. in Supp. of Motion at 1-2.]

Deutsche Bank contends that Plaintiffs' claims merely make general, unsupported legal conclusions that do not support liability by Deutsche Bank.  Plaintiffs' claims of superior title are not plausible because the Land Court cancelled the

Certificate of Title that reflected Plaintiffs as the registered owners of the Property and entered a new Certificate of Title setting forth Deutsche Bank as the registered owner.  [Id. at 2-3; Motion, Decl. of Derek Wong ("Wong Decl."), Exh. A (copy of cancelled Certificate of Title No. 559741, recorded 5/7/10, and transferred Certificate of Title 1044697, entered 7/5/12[2]).]

Deutsche Bank urges this Court to give effect to the new Certificate of Title and to dismiss Plaintiffs' claims. [Mem. in Supp. of Motion at 4.]  Deutsche Bank argues that, pursuant to Aames Funding Corp. v. Mores, 107 Hawai`i 95, 110 P.3d 1042 (2005), Lee v. HSBC Bank USA, 121 Hawai`i 287, 218 P.3d 775 (2009), and Haw. Rev. Stat. § 501-118, Plaintiffs cannot challenge the foreclosure of the Property because the Mortgagee's Affidavit of Foreclosure under Power of Sale ("Foreclosure Affidavit") has been recorded and the new Certificate of Title has been entered.  [Id. at 6-8.]  In addition, Deutsche Bank argues that Plaintiffs' quiet title claim and request for injunctive relief fail because Plaintiffs have not alleged, and cannot allege, that they have either paid off their mortgage loan or are able to tender the full amount.  [Id. at 9.]

Deutsche Bank also argues that Plaintiffs' fraud and UDAP claims fail because Plaintiffs did not plead these claims

---

[2] Deutsche Bank's counsel obtained these from an internet application for retrieving documents recorded at the State of Hawai`i Bureau of Conveyances.  [Wong Decl. at ¶ 3.]

with particularity, and Plaintiffs expressly granted MERS the
right to transfer the lender's interest.  Further, Plaintiffs
cannot overcome the controlling precedent rejecting these types
of claims and recognizing MERS's power to act as the mortgagee.
Deutsche Bank argues that the Assignment cannot be the product of
fraud because there is no dispute that Plaintiffs executed the
Mortgage, and the conveyance language in the Mortgage is clear.
[Id. at 9-12.]  Deutsche Bank emphasizes that Plaintiffs have not
alleged any specific facts setting forth the alleged defect in
the transfer of Plaintiffs' loan.  The unsubstantiated allegation
of fraud in the Assignment is not enough to invalidate the
foreclosure.  [Id. at 14.]

        Deutsche Bank argues that, to the extent that
Plaintiffs' claims are based on the alleged "failed
securitization" of their loan, this district court and courts
around the country have rejected similar claims on the ground
that a borrower is neither a party to nor a third party
beneficiary of a trust's Pooling and Servicing Agreement ("PSA").
In other words, a borrower/plaintiff lacks standing to challenge
the securitization of the loan because he is not an investor in
the loan trust.  Securitization does not change the rights of, or
the relationship between, the original parties to the loan, and
there is nothing improper about the process of securitization, in
and of itself.  Deutsche Bank argues that, for the same reasons,

all of Plaintiffs' claims based on the allegedly improper
securitization fail. [Id. at 14-18.]

As to Plaintiffs' UDAP claim, Deutsche Bank argues that
Plaintiffs failed to allege how Deutsche Bank violated Haw. Rev.
Stat. Chapter 480 because Plaintiffs cannot show either how the
Assignment was improper, that their title to the Property is
superior to Deutsche Bank's, or that the Mortgage or the
Assignment is otherwise unenforceable.  Plaintiffs have not
implicated Deutsche Bank in the alleged wrongdoing regarding
predatory lending, loan origination, increased payments, and
consideration for loan modification.  Deutsche Bank therefore
urges this Court to summarily dismiss Plaintiffs' UDAP claim.
[Id. at 18-20.]

Ultimately, Deutsche Bank urges this Court to dismiss
all of Plaintiffs' claims with prejudice.

## II.  **Memorandum in Opposition**

In their memorandum in opposition, Plaintiffs
acknowledge that the underlying facts of this case are largely
undisputed.  Plaintiffs emphasize that Deutsche Bank does not
dispute that: Plaintiffs contacted IndyMac in January and
February 2009 to request a loan modification, but IndyMac's
representatives told Plaintiffs "no such thing existed[;]" the
Trust closed more than three years prior to the execution of the
purported Assignment; and HCL was dissolved approximately six

8

months prior to the execution of the Assignment.  [Mem. in Opp.
at 2-4.]  Plaintiffs note that they were forcibly removed from
the Property pursuant to the writ of ejectment entered in the
state district court.  [Id. at 4 (citing Mem. in Opp., Decl. of
Counsel ("Pltfs.' Counsel Decl."), Exh. 1 (Writ of Possession)).]
Plaintiffs emphasize that they filed the Complaint in the instant
case prior to the entry of judgment in the ejectment action.
[Id. at 4-5.]

        Plaintiffs argue that the Foreclosure Affidavit and the
new Certificate of Title do not have conclusive effect because
there is a fraud exception to Aames and Haw. Rev. Stat. § 501-
118.  In support of this proposition, Plaintiffs cite to a
transcript of a 2011 Land Court proceeding.  [Id. at 7-8 (citing
Pltfs.' Counsel Decl., Exh. 2 (In re Estate of James Campbell,
3/16/11 Hrg. Trans.)).]  Plaintiffs contend that the execution
and recording of the Assignment, and the subsequent non-judicial
foreclosure, were fraudulent because of the prior closure of the
Trust and the dissolution of HCL.  Plaintiffs also argue that
Haw. Rev. Stat. § 667-8, which allowed foreclosure affidavits to
serve as evidence that the power of sale was duly executed, was
repealed by Act 183, sections 51 to 54, effective June 28, 2012.
[Id. at 8-9.]

        As to Count III and Count V, Plaintiffs assert that
they pled these claims with sufficient particularity because they

9

allege the exact date and location of the fraudulent execution and recordation of the Assignment and of the non-judicial foreclosure.  Plaintiffs also argue that sufficient information about the alleged fraudulent acts is included in the recorded documents.  As to Deutsche Bank's argument that Plaintiffs expressly agreed that MERS would have the right to act on behalf of the lender, Plaintiffs respond that this is not the basis of their fraud claims.  MERS acted fraudulently because it could not have been acting as nominee or agent of HCL, which had already been dissolved by the time of the Assignment.  [Id. at 9-10.]

Plaintiffs argue that they have standing to challenge the Assignment because they have suffered a concrete and particularized injury, the foreclosure of their home.  They also allege that there is a direct causal connection between the improper Assignment and Plaintiffs' harm.  Further, this Court can remedy their injury either by issuing a declaratory judgment that Deutsche Bank lacked the authority to foreclose or by awarding damages.  Plaintiffs therefore contend that they can establish a sufficient personal stake in the outcome of the proceeding.  Plaintiffs acknowledge that courts have denied standing to borrowers on prudential grounds because the borrower was neither a party to, nor a third-party beneficiary of, the Assignment.  Plaintiffs, however, argue that none of the cases so holding are binding precedent.  Plaintiffs also argue that a

Hawai`i debtor is in a unique position because, where the
mortgage contains a power of sale provision, Haw. Rev. Stat.
Chapter 667 allows foreclosure without prior judicial
authorization.  Thus, a Hawai`i debtor, unlike debtors in other
states, cannot challenge an assignment when the assignee seeks to
obtain the foreclosed property through a judicial action.
Plaintiffs thus assert that aggrieved Hawai`i debtors have a
stronger argument for standing than debtors in other states.
[Id. at 10-13.]

Plaintiffs also allege that they have pled a viable
UDAP claim because: the original lender negotiated a predatory
loan; IndyMac violated the terms of the underlying Note;
IndyMac's response to their loan modification inquiry supports a
UDAP claim against Deutsche Bank because IndyMac is Deutsche
Bank's agent and servicer; Plaintiffs pled the facts establishing
the fraudulent Assignment with particularity; and Plaintiffs
sufficiently pled their injury.  [Id. at 14-15.]

Plaintiffs therefore ask this Court to deny the Motion
or, at a minimum, grant them leave to amend their Complaint.

III. **Reply**

In its reply, Deutsche Bank reiterates that Plaintiffs'
securitization arguments are baseless and have been rejected in
prior cases.  Further, Deutsche Bank argues that, assuming
*arguendo* that there is a fraud exception for the Aames doctrine,

11

Plaintiffs have not specifically pled why the Assignment is allegedly fraudulent.  Deutsche Bank reiterates that the new Certificate of Title recognizing Deutsche Bank as the owner of the Property must be given preclusive effect and that this Court must dismiss Plaintiffs' claims.  [Reply at 2-3.]  As to Plaintiffs' argument that there is no binding case law holding that borrowers lack standing to challenge the assignment of their loan, Deutsche Bank argues that this district court has applied the rule in several recent cases.  [Id. at 4 (citing cases).] Deutsche Bank also points out that Hawai`i state courts have applied the same rule.  [Id. at 5 (citing cases).]

Deutsche Bank argues that Plaintiffs failed to plead their fraud claims with particularity because they have not, and cannot, argue why the execution and the recording of the Assignment was fraudulent.  Deutsche Bank also contends that HCL's dissolution prior to the execution of the Assignment does not render the Assignment invalid because MERS is the nominee for HCL, as well as for HCL's successors and assigns.  [Id. at 5-6.]

As to the UDAP claim, Deutsche Bank argues that the claim is derivative of Plaintiffs' general fraud claims regarding securitization and the Assignment and therefore the UDAP claim fails for the same reasons.  Further, there is no cause of action for predatory lending, and Plaintiffs' lender was under no duty to ensure that Plaintiffs would be able to pay their loan.  [Id.

12

at 7-8 (citing cases).]

Deutsche Bank urges this Court to dismiss all of the claims in Plaintiffs' Complaint with prejudice.

**STANDARD**

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"

> Under Rule 12(b)(6), review is generally limited to the contents of the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). . . .
>
> On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996). To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 554, 127 S. Ct. 1955).

Hawaii Motorsports Inv., Inc. v. Clayton Group Servs., Inc., 693 F. Supp. 2d 1192, 1195-96 (D. Hawai`i 2010).

This Court, however, notes that the tenet that the court must accept as true all of the

13

allegations contained in the complaint — "is inapplicable to legal conclusions." Iqbal, 129 S. Ct. at 1949.  Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief.  Id. at 1950.

"Dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment." Harris v. Amgen, Inc., 573 F.3d 728, 737 (9th Cir. 2009) (citation and quotation marks omitted).

Enriquez v. Countrywide Home Loans, FSB, 814 F. Supp. 2d 1042, 1055 (D. Hawai`i 2011) (some citations omitted).

Deutsche Bank attached exhibits to the instant Motion and there are several relevant exhibits attached to the Complaint itself.  This district court has recognized that:

When a defendant attaches exhibits to a motion to dismiss, the court ordinarily must convert the motion into a summary judgment motion so that the plaintiff has an opportunity to respond.  Parrino v. FHP, Inc., 146 F.3d 699, 706 n.4 (9th Cir. 1998).  However, a court "may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006).  The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

Yamalov v. Bank of Am. Corp., CV. No. 10-00590 DAE-BMK, 2011 WL 1875901, at *7 n.7 (D. Hawai`i May 16, 2011).

**DISCUSSION**

**I.   Count I - Wrongful Foreclosure/Wrongful Ejectment**

In Count I, Plaintiffs ask this Court to invalidate the foreclosure and ejectment because: MERS's assignment to Deutsche Bank was fraudulent because MERS executed the assignment six months after the dissolution of HCL; Deutsche Bank's Trust had already closed at the time of the Assignment; and the nonjudicial foreclosure of the Property did not comply with the requirements of Haw. Rev. Stat. § 667-5.[3]  [Complaint at ¶¶ 33-34.]

First, to the extent that Count I asserts that the foreclosure of the Property did not comply with § 667-5, this Court concludes that the issue is not properly before it at this time.  Whether Plaintiffs can challenge the foreclosure based upon alleged failures to comply with § 667-5 was an issue for the ejectment action, and the state district court's rulings in that action are currently on appeal before the ICA.  This Court therefore expresses no opinion as to the merit of this portion of Count I and, to the extent that Deutsche Bank's Motion seeks dismissal of this portion of Count I, Deutsche Bank's Motion is DENIED WITHOUT PREJUDICE.[4]

_____

[3] Count I also alleges that Defendants' acts constitute fraud and UDAPs and therefore Plaintiffs are entitled to damages. [Complaint at ¶ 35.]  This Court will address these allegations *infra*, Discussion sections III and V.

[4] Similarly, to the extent that any portions of Counts II,
(continued...)

Second, Plaintiffs' argument that the foreclosure and ejectment were improper because the Trust was closed at the time of the Assignment fails because, as this district court and others have repeatedly held, Plaintiffs "are third parties and lack standing to raise a violation of the PSA, and . . . noncompliance with the terms of a PSA is irrelevant to the validity of an assignment."  See Nottage v. Bank of New York Mellon, Civil No. 12-00418 JMS/BMK, 2012 WL 5305506, at *4 (D. Hawai`i Oct. 25, 2012) (citing Benoist v. U.S. Bank Nat'l Ass'n, 2012 WL 3202180, at *5 (D. Hawai`i Aug. 3, 2012); Abubo v. Bank of New York Mellon, 2011 WL 6011787, at *8 (D. Hawai`i Nov. 30, 2011)); see also id. at *5 (discussing similar cases from other jurisdictions).

This Court therefore GRANTS Deutsche Bank's Motion as to Count I to the extent that Count I is based upon the closure of the Trust and any other alleged violations of the PSA. Further, insofar as this Court finds that this portion of Count I cannot be saved by any amendment, see Harris, 573 F.3d at 737, this Court HEREBY DISMISSES that portion of Count I WITH PREJUDICE.

---

[4](...continued)
III, IV, or V are premised upon the alleged violation of Haw. Rev. Stat. § 667-5, this Court expresses no opinion at this time as to the merits of those portions of the claims.  To the extent that Deutsche Bank's Motion seeks dismissal of those portions of Counts II, III, IV, or V, Deutsche Bank's Motion is DENIED WITHOUT PREJUDICE.

This Court, however, finds that, liberally construed, the factual allegations in the Complaint regarding the execution of the Assignment approximately six months after HCL's dissolution are sufficient to support Plaintiff's claim that the Assignment, and therefore the subsequent foreclosure and ejectment, were invalid.  This Court notes that it is likely that Deutsche Bank can establish whether, prior to dissolution, HCL made some type of arrangement for the ownership of its assets. Such an inquiry, however, is appropriate in a motion for summary judgment, not in a motion to dismiss.  See Nottage, 2012 WL 5305506, at *4.

This Court therefore DENIES Deutsche Bank's Motion as to Count I, to the extent that Count I is based on the assertion that HCL could not have assigned Plaintiffs' Mortgage because it was dissolved prior to the Assignment.

## II.  Count II - Injunctive Relief

It is well-settled that declaratory relief and injunctive relief "are remedies and not independent causes of actions."  See, e.g., Wagner v. Aurora Loan Servicing, Civil No. 10-00729 LEK-BMK, 2011 WL 6819041, at *6 (D. Hawai`i Dec. 27, 2011) (some citations omitted) (citing Caniadido v. MortgageIT, Civil No. 11-00078 JMS/BMK, 2011 WL 3837265, at *5-6 (D. Hawai`i Aug. 26, 2011) (citing Ballard v. Chase Bank USA, NA, 2010 WL 5114952, at *8 (S.D. Cal. Dec. 9, 2010) ("A claim for declaratory

17

relief 'rises or falls with [the] other claims.'"); <u>Jensen v.
Quality Loan Serv. Corp.</u>, 702 F. Supp. 2d 1183, 1201 (E.D. Cal.
2010) ("A request for injunctive relief by itself does not state
a cause of action."))).  Thus, insofar as Count II asserts an
independent claim for  injunctive relief, Plaintiffs cannot cure
the defects in Count II by amendment.  This Court therefore
GRANTS Deutsche Bank's Motion as to Count II and DISMISSES Count
II WITH PREJUDICE.

        This Court, however, emphasizes that, although there is
no independent cause of action for injunctive relief, the remedy
may be available to Plaintiffs if they are able to prevail on any
independent cause of action.

## III. <u>Count III - Fraud</u>

        Plaintiffs' fraud claim against Deutsche Bank is based
upon the same allegations that: Deutsche Bank recorded the
Assignment after HCL ceased to exist; Deutsche Bank conducted the
nonjudicial foreclosure and the ejectment proceedings when it
knew or should have known that HCL's dissolution rendered the
Assignment fraudulent and that Deutsche Bank was not the proper
mortgagee, assignee, or holder of Plaintiffs' Mortgage.
[Complaint at ¶¶ 38-43.]

        Federal Rule of Civil Procedure 9(b) requires that
"[i]n alleging fraud or mistake, a party must state with
particularity the circumstances constituting fraud or mistake."

Rule 9(b) requires that a party make particularized allegations of the circumstances constituting fraud.  See Sanford v. MemberWorks, Inc., 625 F.3d 550, 557-58 (9th Cir. 2010).

In order to sufficiently plead their fraud-based claims, Plaintiffs "must allege the time, place, and content of the fraudulent representation; conclusory allegations do not suffice."  See Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1042 (9th Cir. 2010) (citation omitted).  "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b); see also Odom v. Microsoft Corp., 486 F.3d 541, 554 (9th Cir. 2007) (en banc) ("[T]he state of mind - or scienter - of the defendants may be alleged generally." (citation omitted)); Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973) (stating that Rule 9(b) "only requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations" (citations omitted)).  A motion to dismiss for failure to plead with particularity is "the functional equivalent of a motion to dismiss under Rule 12(b)(6)[.]"  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003).  In considering a motion to dismiss, the court is not deciding whether a claimant will ultimately prevail but rather whether the claimant is entitled to offer evidence to support the claims asserted.  Twombly, 550 U.S. at 563 n.8

19

(citation omitted).

Plaintiffs' Complaint, which incorporates the Assignment as an exhibit, sets forth who executed the allegedly fraudulent assignment, as well as when and where it was executed. Plaintiffs also allege that "MERS knowingly created a fraudulent Assignment of the subject property from HCL to [Deutsche Bank]" and that Deutsche Bank "knew or should have known that the company it was supposedly purchasing an interest in property from was no longer conducting business and any Assignment in its name was fraudulent." [Complaint at ¶¶ 40-41.]  Further, in the Complaint and the exhibits thereto, Plaintiffs allege that HCL's dissolution was a matter of public record.  This Court therefore concludes that, in light of the standards set forth *supra*, Plaintiffs have pled Count III with sufficient particularity, to the extent that their fraud claim is based upon the allegation that the Assignment was fraudulent because of HCL's dissolution. As stated, *supra* Discussion section I, Deutsche Bank may be able to establish proper ownership in a motion for summary judgment, but Plaintiffs have pled this portion of Count III with sufficient particularity to survive a motion to dismiss.

Although it is not entirely clear from the Complaint whether Plaintiffs also base their fraud claim on the improper securitization allegations, for the same reasons as set forth, *supra* Discussion section I, this Court concludes that any portion

20

of Count III based upon alleged violations of the PSA fails to state a claim upon which relief can be granted.  Further, Plaintiffs cannot cure the defects in that portion of Count III by amendment.

This Court therefore DENIES Deutsche Bank's Motion as to the portion of Count III based upon HCL's dissolution prior to the Assignment, and GRANTS Deutsche Bank's Motion as to the portion of Count III based on the closure of the Trust and any other alleged violations of the PSA.  That portion of Count III is HEREBY DISMISSED WITH PREJUDICE.

## IV.  Count IV - Breach of Contract

Plaintiffs' breach of contract claim against Deutsche Bank merely alleges that: 1) "the original lender HCL breached its contractual duties outlined in Plaintiffs' Note Section 3(F), by drastically increasing the monthly payments prior to the principal cap being reached and not giving them an accurate accounting of the amounts actually owed[;]" and 2) Plaintiffs are entitled to damages because HCL's breach led to Plaintiffs' default, which led to the foreclosure.  [Id. at ¶¶ 47-48.]

Implicit in Count IV is an assertion that Deutsche Bank is liable for HCL's breach of contract.  Plaintiffs, however, have failed to provide any plausible factual allegations that, if proven, would support a finding that Deutsche Bank is liable for any breach by HCL.  This Court has stated:

21

> To allege breach of contract, the complaint must, at a minimum, cite the contractual provision allegedly violated.  See Otani v. State Farm Fire & Cas. Co., 927 F. Supp. 1330, 1335 (D. Haw. 1996) ("Generalized allegations of a contractual breach are not sufficient.").  Plaintiff fails to allege even the basic elements of a breach of contract claim, much less factual allegations to support such a claim.  See [Ashcroft v.] Iqbal, [556 U.S. 662, 678 (2009)] (stating that Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do").  The [Third Amended Complaint] does not identify: (1) the contract at issue, (2) the parties to the contract, (3) whether Plaintiffs performed under the contract, and (4) the particular provision that Defendants allegedly violated.  See Rodenhurst v. Bank of America, 773 F. Supp. 2d 886, 898 (D. Haw. 2011). . . .

Valencia v. Carrington Mortg. Servs., LLC, Civil No. 10-00558 LEK-RLP, 2013 WL 375643, at *7 (D. Hawai`i Jan. 29, 2013) (some alterations in Valencia) (some citations omitted).

In the present case, as in Valencia, Plaintiffs' general allegations in Count IV are insufficient to survive a motion to dismiss.  This Court, however, finds that it is arguably possible for Plaintiffs to cure the defects in Count IV by amendment.  This Court therefore GRANTS Deutsche Bank's Motion as to Count IV, and DISMISSES Count IV WITHOUT PREJUDICE.

## V.   Count V - UDAP

Plaintiffs' UDAP claim is based on all of the factual allegations in the Complaint, including: the invalid assignment from HCL after its dissolution; Deutsche Bank's and MERS general

lack of authority to execute and record the relevant documents; IndyMac's failure to disclose the possibility of a loan modification; and HCL's predatory lending and violation of the terms of the Note.  [Complaint at ¶¶ 49, 51.]

First, to the extent that Count V is based upon the allegedly improper Assignment from HCL after dissolution, this Court concludes, for the reasons set forth, *supra* Discussion sections I and III, that Plaintiffs have sufficiently pled this claim for purposes of a motion to dismiss.  Deutsche Bank's Motion is therefore DENIED as to the portion of Count V based upon HCL's dissolution prior to the Assignment.

To the extent that Count V is based upon the alleged violations of the PSA, this Court concludes, for the reasons set forth *supra* Discussion sections I and III, that Plaintiffs fail to state a claim upon which relief can be granted and Plaintiffs cannot cure the defects in this portion of the claim by amendment.  Deutsche Bank's Motion is therefore GRANTED as to the portion of Count V based upon the closure of the Trust and any other alleged violations of the PSA, and that portion of Count V is DISMISSED WITH PREJUDICE.

This Court also contends that the remainder of Plaintiffs' allegations in Count V fail to state a claim. Plaintiffs' allegations regarding IndyMac, in its capacity as the mortgagee's servicer of Plaintiffs' loan, occurred in January and

February 2009, prior to the Assignment.  [Complaint at ¶ 31.]

Plaintiffs have failed to plead sufficient factual allegations

that, if proven, would establish that Deutsche Bank is liable for

IndyMac's or HCL's UDAPs.  Further, except for the alleged breach

of contract, Plaintiffs' allegations regarding IndyMac's and

HCL's actions address Plaintiffs' ability to repay their loan and

whether they were eligible for a more favorable loan program.

These claims fail for the reasons stated in Stanton v. Bank of

America, N.A.:

> to the extent that Plaintiff bases her UDAP claim
> against BOA on allegations that Countrywide did
> not consider her ability to repay the loans or
> whether she qualified for a more favorable loan
> program, those claims also fail.  This district
> court has recognized that
>
>> "lenders generally owe no duty to a borrower
>> 'not to place borrowers in a loan even where
>> there was a foreseeable risk borrowers would
>> be unable to repay.'" McCarty v. GCP Mgmt.,
>> LLC, 2010 WL 4812763, at *6 (D. Haw. Nov. 17,
>> 2010) (quoting Champlaie v. BAC Home Loans
>> Servicing, LP, 706 F. Supp. 2d 1029, 1061
>> (E.D. Cal. 2009)). See also Sheets v. DHI
>> Mortg. Co., 2009 WL 2171085, at *4 (E.D. Cal.
>> July 20, 2009) (reasoning that no duty exists
>> "for a lender 'to determine the borrower's
>> ability to repay the loan. . . .  The
>> lender's efforts to determine the
>> creditworthiness and ability to repay by a
>> borrower are for the lender's protection, not
>> the borrower's.'" (quoting Renteria v. United
>> States, 452 F. Supp. 2d 910, 922–23 (D. Ariz.
>> 2006))).
>>
>> "[A]s a general rule, a financial
>> institution owes no duty of care to a
>> borrower when the institution's involvement
>> in the loan transaction does not exceed the

24

> scope of its conventional role as a mere lender of money." <u>Nymark v. Heart Fed. Sav. & Loan Ass'n</u>, [231 Cal. App. 3d 1089] 283 Cal. Rptr. 53, 56 (Cal. Ct. App. 1991). Nothing in the Complaint indicates that any Defendant "exceed[ed] the scope of [a] conventional role as a mere lender of money." The claims fail on that basis alone.
>
> <u>Casino v. Bank of Am.</u>, Civil No. 10-00728 SOM/BMK, 2011 WL 1704100, at *12-13 (D. Hawai`i May 4, 2011) (alterations in <u>Casino</u>).

834 F. Supp. 2d 1061, 1082 (D. Hawai`i 2011).

Thus, this Court concludes that the portions of Count V based on IndyMac's and HCL's actions fail to state a claim upon which relief can be granted. It is, however, arguably possible for Plaintiffs to cure the defects in those portions of Count V by amendment. This Court therefore GRANTS Deutsche Bank's Motion as to the portions of Count V regarding loan modification, predatory lending, and changes to the monthly payment amount. Those portions of Count V are DISMISSED WITHOUT PREJUDICE.

## CONCLUSION

On the basis of the foregoing, Deutsche Bank's Motion to Dismiss Plaintiffs' Complaint Filed January 16, 2013, filed February 12, 2013, is HEREBY GRANTED IN PART AND DENIED IN PART. Specifically,

- the Motion is DENIED as to the portions of Count I, Count III, and Count V based on the assertion that the Assignment is invalid because HCL was dissolved prior to the Assignment;

- the Motion is DENIED WITHOUT PREJUDICE as to the portions of Plaintiffs' claims alleging that the foreclosure is

invalid because Deutsche Bank failed to comply with
Haw. Rev. Stat. § 667-5;

• the Motion is GRANTED as to the portions of Count I, Count
  III, and Count V based upon the closure of the Trust
  and any other alleged violations of the PSA; those
  claims are HEREBY DISMISSED WITH PREJUDICE; and

• as to all other claims asserted in Plaintiffs' Complaint,
  the Motion is GRANTED, and those claims are HEREBY
  DISMISSED WITHOUT PREJUDICE.

To the extent that Plaintiffs' claims have been dismissed without

prejudice, this Court GRANTS Plaintiffs leave to file a First

Amended Complaint consistent with the terms of this Order.

Plaintiffs must file their First Amended Complaint by no later

than **July 1, 2013**.  This Court CAUTIONS Plaintiffs that, if they

fail to file their First Amended Complaint by **July 1, 2013,** the

claims which this Order dismissed without prejudice may be

dismissed with prejudice.  Further, if Plaintiffs' First Amended

Complaint fails to cure the defects identified in this Order or

adds new parties, claims, or theories of liability, this Court

may dismiss those claims with prejudice.

        IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 28, 2013.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JOSEPH BILLETE, ET AL. V. DEUTSCHE BANK NATIONAL TRUST CO., ET
AL; CIVIL NO. 13-00061 LEK-KSC; ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFFS'
COMPLAINT FILED JANUARY 16, 2013**