```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF HAWAII

JOSEPH BILLETE; MARIVEL      )    CIVIL NO. 13-00061 LEK-KSC
BILLETE,                     )
                             )
          Plaintiffs,        )
                             )
     vs.                     )
                             )
DEUTSCHE BANK NATIONAL TRUST )
COMPANY, NATIONAL BANKING    )
ASSOCIATION AS TRUSTEE FOR   )
GSR 2006-OA1; MORTGAGE       )
ELECTRONIC REGISTRATION      )
SYSTEMS, INC.; and DOES 1-50,)
                             )
          Defendants.        )
_____)
                             )
```

**ORDER GRANTING PLAINTIFFS' MOTION TO RECONSIDER
JULY 2, 2013 ORDER DISMISSING CLAIMS WITH PREJUDICE
<u>AND FOR EXTENSION OF TIME TO FILE FIRST AMENDED COMPLAINT</u>**

Before the Court is Plaintiffs Joseph Billete and Marivel Billete's ("Plaintiffs") Motion to Reconsider July 2, 2013 Order Dismissing Claims with Prejudice and for Extension of Time to File First Amended Complaint ("Motion"), filed on July 3, 2013. [Dkt. no. 17.] Defendant Deutsche Bank National Trust Company, National Banking Association as Trustee for GSR 2006-OA1 ("Deutsche Bank") filed its memorandum in opposition on July 22, 2013. [Dkt. no. 20.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i. After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal

authority, Plaintiffs' Motion is HEREBY GRANTED for the reasons set forth below.

## BACKGROUND

On May 29, 2013, this Court issued its Order Granting in Part and Denying in Part Defendant's Motion to Dismiss Plaintiffs' Complaint Filed January 16, 2013 ("5/29/13 Order").[1] [Dkt. no. 15.[2]]  In the 5/29/13 Order, this Court dismissed the following claims without prejudice: Plaintiffs' breach of contract claim against Deutsche Bank (Count IV); and the portions of Plaintiffs' UDAP claim against Deutsche Bank and MERS (Count V) regarding loan modification, predatory lending, and changes to the monthly payment amount.  2013 WL 2367834, at *9, *11.  This Court gave Plaintiffs leave to amend these claims and ordered Plaintiffs to file their First Amended Complaint by no later than July 1, 2013.  This Court cautioned Plaintiffs that, if they failed to file their First Amended Complaint by July 1, 2013, the claims which the 5/29/13 Order dismissed without prejudice could be dismissed with prejudice.  Id. at *11.

After Plaintiffs failed to file their First Amended Complaint by July 1, 2013, this Court issued the Order Dismissing Claims with Prejudice on July 2, 2013 ("7/2/13 Order").  [Dkt.

---

[1] This Court incorporates by reference the abbreviations for the names of parties, other relevant entities, and documents used in the 5/29/13 Order.

[2] The 5/29/13 Order is also available at 2013 WL 2367834.

no. 16.]

The next day, Plaintiffs filed the instant Motion, stating that Plaintiffs' counsel unintentionally missed the July 1, 2013 deadline as "a result of excusable neglect." [Motion, Decl. of Counsel at ¶ 8.] Plaintiffs also argue that they will suffer serious prejudice unless this Court reconsiders the 7/2/13 Order, and Defendants will not suffer any prejudice if this Court allows Plaintiffs additional time to file the First Amended Complaint. [Id. at ¶¶ 9-10.]

In its memorandum in opposition, Deutsche Bank emphasizes that the 5/29/13 Order gave Plaintiffs ample time to file their First Amended Complaint. Deutsche Bank also argues that Plaintiffs have not explained why they failed to meet the July 1, 2013 deadline, and therefore this Court should not accept Plaintiffs' claim of excusable neglect. Deutsche Bank asserts that it "will be prejudiced by any further delay in obtaining rightful possession of the subject Property." [Response at 3.] Deutsche Bank emphasizes that it prevailed in the ejectment action almost one year ago, and Deutsche Bank argues that Plaintiffs cannot assert a plausible claim of superior title against Deutsche Bank. Deutsche Bank urges this Court to give conclusive effect to the new Certificate of Title identifying Deutsche Bank as the owner of the Property. Deutsche Bank therefore contends that Plaintiffs have not established any basis

for reconsideration of the 7/2/13 Order.

## **DISCUSSION**

In order to obtain reconsideration of the 7/2/13 Order, Plaintiffs' Motion "must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." See Donaldson v. Liberty Mut. Ins. Co., 947 F. Supp. 429, 430 (D. Hawai`i 1996) (citation omitted); accord Tom v. GMAC Mortg., LLC, CIV. NO. 10-00653 SOM/BMK, 2011 WL 2712958, at *1 (D. Hawai`i July 12, 2011). This district court recognizes three grounds for granting reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Hawai`i 2006) (some citations omitted) (citing Mustafa v. Clark Cnty. Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998)). The District of Hawai`i has implemented these standards in Local Rule 60.1.[3]  "Whether or not to grant reconsideration[,]" however, "is committed to the sound

---

[3] Local Rule 60.1 provides, in part, that: "[m]otions for reconsideration of interlocutory orders may be brought only upon the following grounds: (a) Discovery of new material facts not previously available; (b) Intervening change in law; (c) Manifest error of law or fact."

4

discretion of the court." Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000)).

Plaintiffs' Motion does not assert an intervening change in the law, the availability of new evidence, or a clear error in the 7/2/13 Order.  Plaintiffs essentially argue that reconsideration is necessary to prevent manifest injustice because Plaintiffs' counsel inadvertently missed the July 1, 2013 filing deadline.  This Court filed the 7/2/13 Order one day after the deadline, and Plaintiffs filed the instant Motion the next day.  Thus, while this Court emphasizes that it does not condone Plaintiffs' failure to comply with the July 1, 2013 deadline, this Court recognizes that Plaintiffs attempted to correct counsel's error within forty-eight hours of the elapsed deadline.

This Court also acknowledges that Deutsche Bank is frustrated with the instant Motion because Deutsche Bank believes that Count IV and Count V are meritless.  This Court, however, has already found that it is arguably possible for Plaintiffs to cure the defects in those claims by amendment.  5/29/13 Order, 2013 WL 2367834, at *9, *11.  Thus, the issue of whether Plaintiffs' intended amendments to Counts IV and V are meritless is not before this Court in the instant Motion.

5

The Court next turns to Deutsche Bank's argument that Deutsche Bank will be prejudiced by any further delays preventing it from taking possession of the Property. Deutsche Bank's argument is misplaced. Even if this Court denied the Motion, Deutsche Bank would not be able to take possession of the Property immediately because the 5/29/13 Order DENIED Deutsche Bank's motion to dismiss as to the portions of Count I, Count III, and Count V based on the assertion that the Assignment is invalid because HCL was dissolved prior to the Assignment and as to the portions of Plaintiffs' claims alleging that the foreclosure is invalid because Deutsche Bank failed to comply with Haw. Rev. Stat. § 667-5. Id. at *11. The parties will continue to litigate this action irrespective of the disposition of the instant Motion. The narrow issue before this Court regarding prejudice is whether Deutsche Bank has suffered, or will suffer, prejudice as a result of Plaintiffs' failure to file the First Amended Complaint by July 1, 2013. As previously stated, Plaintiffs sought to correct their error within forty-eight hours and, if this Court grants the Motion and Plaintiffs file their First Amended Complaint, Plaintiffs will have filed the First Amended Complaint within approximately one month of the original deadline. There is no evidence that these relatively brief delays are unduly prejudicial to Deutsche Bank, particularly because the 7/2/13 Order did not dispose of the

entire action.

Thus, under the circumstances of this case, this Court CONCLUDES that reconsideration is necessary to prevent manifest injustice.  This Court, however, reiterates that all parties and their counsel must follow the applicable rules of court and all court-ordered deadlines.  The Court CAUTIONS Plaintiffs that the future failure to comply with applicable deadlines, even if inadvertent, may result in sanctions, including, *inter alia*, dismissal of some or all of Plaintiffs' claims.

## CONCLUSION

On the basis of the foregoing, Plaintiffs' Motion to Reconsider July 2, 2013 Order Dismissing Claims with Prejudice and for Extension of Time to File First Amended Complaint, filed July 3, 2013, is HEREBY GRANTED.  Plaintiffs shall file their First Amended Complaint by **July 31, 2013**.  The Court CAUTIONS Plaintiffs that the failure to file their First Amended Complaint by **July 31, 2013** will result in the automatic dismissal with prejudice of the claims that the 5/29/13 Order dismissed without prejudice.

IT IS SO ORDERED.

7

DATED AT HONOLULU, HAWAII, July 26, 2013.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JOSEPH BILLETE, ET AL. VS. DEUTSCHE BANK NATIONAL TRUST COMPANY., N.A., ET AL; CIVIL NO. 13-00061 LEK-KSC; ORDER GRANTING PLAINTIFFS' MOTION TO RECONSIDER JULY 2, 2013 ORDER DISMISSING CLAIMS WITH PREJUDICE AND FOR EXTENSION OF TIME TO FILE FIRST AMENDED COMPLAINT**