IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH BILLETE; MARIVEL BILLETE,<br><br>      Plaintiffs,<br><br>  vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, NATIONAL BANKING ASSOCIATION AS TRUSTEE FOR GSR 2006-OA1; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and DOES 1-50,<br><br>      Defendants.<br>_____ | CIVIL NO. 13-00061 LEK-KSC |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FILED JULY 31, 2013**

On August 7, 2013, Defendant Deutsche Bank National Trust Company, National Banking Association as Trustee for GSR 2006-OA1 ("Deutsche Bank"), filed its Motion to Dismiss Plaintiff's First Amended Complaint Filed July 31, 2013 ("Motion"). [Dkt. no. 24.] Plaintiffs Joseph Billete and Marivel Billete ("Plaintiffs") filed their memorandum in opposition on September 24, 2013, and Deutsche Bank filed its reply on October 1, 2013. [Dkt. nos. 28, 30.] This matter came on for hearing on October 15, 2013. Appearing on behalf of Deutsche Bank was Steven Idemoto, Esq., and appearing on behalf of Plaintiffs was Daniel O'Meara, Esq. After careful consideration of the Motion, supporting and opposing memoranda,

and the arguments of counsel, Deutsche Bank's Motion is HEREBY GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

## BACKGROUND

The relevant factual and procedural background in this case is set forth in this Court's May 29, 2013 Order Granting in Part and Denying in Part Defendant's Motion to Dismiss Plaintiffs' Complaint Filed January 16, 2013 ("5/29/13 Order").[1] [Dkt. no. 15.[2]]  This Court will only discuss the events that are relevant to the instant Motion.

In the 5/29/13 Order, this Court:

- dismissed Count II (claim for injunctive relief) with prejudice; 2013 WL 2367834, at *7;

- dismissed with prejudice the portions of Count I (wrongful foreclosure, wrongful ejectment, and quiet title), Count III (fraud), and Count V (unfair and deceptive acts and practices ("UDAP")) based upon the closure of Deutsche Bank's trust, to which MERS purportedly assigned Plaintiffs' loan ("the Trust"), and any other alleged violations of the Trust's Pooling and Servicing Agreement ("PSA"); id. at *11;

- denied Deutsche Bank's motion to dismiss the original Complaint ("First Motion to Dismiss"), [filed 2/12/13 (dkt. no. 5),] as to the portions of Count I, Count III, and Count V based on the assertion that the

---

[1] The original Complaint, filed on January 16, 2013 in state court, [dkt. no. 1-3,] and the First Amended Complaint, [filed 7/31/13 (dkt. no. 23),] also name Mortgage Electronic Registration Systems, Inc. ("MERS") as a defendant.  Plaintiffs apparently never served the Complaint on MERS, and have not yet served the First Amended Complaint on MERS.

[2] The 5/29/13 Order is available at 2013 WL 2367834.

> assignment of Plaintiffs' mortgage by MERS to Deutsche Bank ("the Assignment") is invalid because the original lender, HCL Finance, Inc. ("HCL"), was dissolved prior to the Assignment; 2013 WL 2367834, at *11;
> 
> • denied Deutsche Bank's First Motion to Dismiss without prejudice as to the portions of Plaintiffs' claims alleging that the foreclosure is invalid because Deutsche Bank failed to comply with Haw. Rev. Stat. § 667-5; id.; and
> 
> • dismissed all other claims, including Count IV (breach of contract) without prejudice; id.

The First Amended Complaint alleges the same five counts as the original Complaint, and this Court will refer to the counts in the First Amended Complaint as the "Amended Counts." Amended Counts I, II, and III are "restated in order to preserve any appeals regarding" this Court's rulings in the 5/29/13 Order dismissing all, or portions of, the corresponding claims in the original Complaint.[3] [First Amended Complaint at pgs. 17 n.2, 18 n.3, 19 n.4.] Plaintiffs revised Amended Counts IV and V in light of the 5/29/13 Order. [Id. at pgs. 21 n.5, 23 n.6.]

Amended Count IV includes the following new allegations:

---

[3] Plaintiffs titled Amended Count I as "Wrongful Foreclosure, Wrongful Ejectment and Quiet Title Against Deutsche Bank." [First Amended Complaint at pg. 17.] Amended Count I, however, is identical to the original Count I, which this Court found, based on the allegations in the Complaint and Plaintiffs' representations at the hearing on the First Motion to Dismiss, did not assert a quiet title claim. See 5/29/13 Order, 2013 WL 2367834, at *2 n.1. This Court therefore does not construe Amended Count I as alleging a quiet title claim.

3

> 48.  The Defendants' rights under the Note can only arise from the 2006 Trust which had a Closing Date of August 24, 2006.  Necessarily Defendant Deutsche Bank as Trustee's rights to enforce the Note would have had to occur prior to August 24, 2006.
>
> 49.  IndyMac [Bank ("IndyMac")] presumably was the servicer for the holder of the Note which purports to be Defendant Deutsche Bank as Trustee.  As such IndyMac was the agent for Deutsche Bank as Trustee, presumably as the ultimate assignee of the original lender HCL.  The breach of Section 3(F) was by the servicer, as agent for Defendant Deutsche Bank as Trustee, and is imputed to the principal, Deutsche Bank.
>
> 50.  If the assignment is void because of the dissolution of HCL, then Deutsche Bank had no right to foreclose.  Alternatively, if there was no breach of the PSA, Deutsche Bank [sic] was properly acting under the Trust on and after the Closing Date of the Trust of August 24, 2006, the breach of the Note occurred while the Trust was holding the Note.

[Id. at ¶¶ 48-50.]  "The breach of Section 3(F)" refers to the allegation that a August 20, 2008 letter from IndyMac to Plaintiffs notifying them of the upcoming increase in their monthly payments failed to inform them that a "borrower could avoid the increase by assuring the principal balance stays under the 110% of the original principal amount on the Note as provided in Section 3(F) of the Note."[4]  [Id. at ¶¶ 25, 30.]  Plaintiffs allege that "the lenders['] violation of contract law" caused Plaintiffs to default on their loan because they could not afford

---

[4] This is a new allegation added to the factual allegations section of the First Amended Complaint.  [First Amended Complaint at pg. 16 n.1.]

the increased monthly payments.  [Id. at ¶ 30.]

The only addition to Amended Count V is the allegation that:

> If the PSA was not violated, then Deutsche Bank as Trustee of the Trust was the holder of the Note. Any actions of HCL or IndyMac were done on behalf of the holder of the Note, as agent for Deutsche Bank as Trustee of the Trust.  The liability of the agent can be imputed to the principal, the holder of the Note.

[Id. at ¶ 55.]

The First Amended Complaint seeks the same relief as the original Complaint.  [Id. at pgs. 25-27.]

## DISCUSSION

Deutsche Bank brings the instant Motion pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. (9)(b).  The applicable standards are set forth in the 5/29/13 Order.  2013 WL 2367834, at *5-6, *8.

### I. Claims Restated in the First Amended Complaint

At the outset, this Court notes that Plaintiffs unnecessarily included claims in their First Amended Complaint which this Court dismissed with prejudice in the 5/29/13 Order. Plaintiffs state that they did so to preserve their right to appeal the 5/29/13 Order's rulings regarding those claims.  The Ninth Circuit, however, has stated that, "[f]or claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve

5

them for appeal." Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012) (en banc). Only claims that are voluntarily dismissed are deemed waived if the plaintiff fails to replead them in the amended complaint. Id. Thus, this Court GRANTS the Motion insofar this Court DISMISSES the following claims WITH PREJUDICE: Amended Count II; and the portions of Amended Counts I, III, and V based upon the closure of the Trust and any other alleged violations of the PSA.

The Motion seeks the dismissal of Plaintiffs' claims as to which the 5/29/13 Order denied the First Motion to Dismiss. As to those claims, Deutsche Bank merely restates arguments that it raised in the First Motion to Dismiss, except that Deutsche Bank also relies on the following excerpt from Camat v. Federal National Mortgage Ass'n:

> It is not entirely clear whether Camat is alleging that MERS improperly assigned the mortgage after First Magnus was dissolved. To the extent Camat is making that argument, it is unpersuasive. First, it appears to be factually unsupported, as a document attached to the Second Amended Complaint indicates that First Magnus was administratively dissolved on April 2, 2009, after the February 2009 assignment of the mortgage by MERS. But even if it could be argued that First Magnus was dissolved earlier, that dissolution would not prevent MERS from transferring any interest in the mortgage. In Kiah v. Aurora Loan Servs., LLC, 2011 WL 841282, at *4 (D. Mass. March 4, 2011), for example, the court ruled:
>
>> The plain language of the mortgage states that MERS was acting as nominee for First Magnus and its "successors and assigns." . . . First Magnus' dissolution

6

> > would not prevent its successors and assigns, including Aurora, from seeking transfer of the mortgage from MERS.
>
> > Accordingly, the dissolution of First Magnus would not and could not prevent Aurora from obtaining an assignment of the mortgage from MERS, both as a matter of law and according to the arrangement that existed between MERS and Aurora as a "successor and assign" of First Magnus.
>
> The court is unpersuaded by Camat's citation of Deutshe [sic] Bank National Trust Company v. Williams, 2012 WL 1081174 (D. Haw. Mar. 29, 2012), as that case did not involve MERS.  In Williams, Judge J. Michael Seabright indicated that it "appeared" that Home 123 could not validly assign a mortgage it held while it was in bankruptcy. See id. at *3.  Williams did not examine whether MERS could transfer a mortgage based on language in the mortgage that allowed MERS to do so.

Civil No. 12-00149 SOM/BMK, 2013 WL 2370201, at *7-8 (D. Hawai`i June 22, 2012) (alteration in Camat) (some citations omitted).

First, to the extent that Deutsche Bank essentially asks this Court to reconsider its rulings in the 5/29/13 Order based on Camat, Deutsche Bank should have raised this argument in a timely motion for reconsideration.  Even if this Court considered Deutsche Bank's argument based on Camat, that case is distinguishable from the instant case.  In Camat, unlike in the instant case, MERS executed the assignment at issue before First Magnus's dissolution.  Although it was not necessary to the ultimate ruling in Camat, the district court stated that, based on Kiah, MERS could have transferred First Magnus's interest in the subject loan even after First Magnus's dissolution.  Kiah,

however, did not involve the situation like the instant case where MERS executed an assignment after the lender's dissolution.

> First Magnus filed for bankruptcy on August 21, 2007, and was **administratively dissolved on April 2, 2009**. It appears that the mortgage loan was securitized; in any event, it is undisputed that the current owner of the debt is presently the Federal National Mortgage Association ("Fannie Mae"). The loan is being serviced by Aurora Loan Services, LLC.
>
> Plaintiff disputes the assignment of the mortgage. It is undisputed that Aurora presently possesses the note and has the right to enforce the note.
>
> **Aurora alleges that the note and mortgage were assigned to it in June 2007.** At that time, no assignment of mortgage was recorded at the Registry of Deeds.
>
> At some point before January 2010, Kiah stopped making payments on the mortgage, and the loan went into default. Aurora then initiated steps to foreclose on the property.
>
> Plaintiff has attached to the complaint a document entitled "Corporate Assignment of Mortgage." The assignment states that the assignor is MERS (as "nominee for First Magnus Financial Corporation . . . it's [sic] successors and assigns") and that the assignee is Aurora. The "Date of Assignment" is listed as January 6, 2010.
>
> The document also states that the "Effective Date" of the assignment is June 9, 2007 — a little more than two weeks after the note and mortgage were executed. That assignment was recorded in the Worcester South Registry of Deeds on January 19, 2010.

Kiah v. Aurora Loan Servs., LLC, Civil Action No. 10-40161-FDS, 2011 WL 841282, at *2 (D. Mass. Mar. 4, 2011) (footnotes and

citations omitted) (emphases added). Thus, although the assignment was recorded after First Magnus's dissolution because the general practice was not to record such assignments unless the loan is in default, see id. at *2 n.3, MERS assigned the loan prior to the dissolution. Thus, Camat and Kiah do not require this Court to reconsider its prior ruling on Plaintiffs' claims based on the execution of the Assignment after HCL's dissolution. Nor has Deutsche Bank presented any ground that would warrant reconsideration of this Court's ruling regarding Plaintiffs' claims alleging that the foreclosure is invalid because of violations of § 667-5. As in the 5/29/13 Order, this Court DENIES the instant Motion as to: the portions of Amended Counts I, III, and V based on Assignment's execution after HCL's dissolution; and Plaintiffs' claims based upon alleged violations of § 667-5.

## II. **Revised Claims**

Plaintiffs revised Amended Count IV and Amended Count V in response to the 5/29/13 Order. Plaintiffs now allege that Deutsche Bank is liable for the actions of HCL and IndyMac because, insofar as the Trust closed on August 24, 2006, this Court should deem Deutsche Bank to be the owner of their loan as of August 24, 2006, even though the Assignment is dated August 6, 2009. This Court rejects Plaintiffs' argument because it is merely a variation of their original argument that the

foreclosure and ejectment were improper because the Trust was closed at the time of the Assignment.  As this Court stated in the 5/29/13 Order, that argument "fails because, as this district court and others have repeatedly held, Plaintiffs 'are third parties and lack standing to raise a violation of the PSA, and . . . noncompliance with the terms of a PSA is irrelevant to the validity of an assignment.'"  2013 WL 2367834, at *7 (alteration in 5/29/13 Order) (citing Nottage v. Bank of New York Mellon, Civil No. 12-00418 JMS/BMK, 2012 WL 5305506, at *4 (D. Hawai`i Oct. 25, 2012) (citing Benoist v. U.S. Bank Nat'l Ass'n, 2012 WL 3202180, at *5 (D. Hawai`i Aug. 3, 2012); Abubo v. Bank of New York Mellon, 2011 WL 6011787, at *8 (D. Hawai`i Nov. 30, 2011)); Nottage, 2012 WL 5305506, at *5 (discussing similar cases from other jurisdictions)).

    Plaintiffs next argue that Deutsche Bank is liable for HCL's and IndyMac's actions because Deutsche Bank did not acquire the Note as a holder in due course.  Haw. Rev. Stat. § 490:3-302 states, in pertinent part:

> (a) Subject to subsection (c) and section 490:3-106(d), "holder in due course" means the holder of an instrument if:
>
> > (1) The instrument when issued or negotiated to the holder does not bear such apparent evidence of forgery or alteration or is not otherwise so irregular or incomplete as to call into question its authenticity; and
> >
> > (2) The holder took the instrument (i) for value, (ii) in good faith, (iii) without

>notice that the instrument is overdue or has been dishonored or that there is an uncured default with respect to payment of another instrument issued as part of the same series, (iv) without notice that the instrument contains an unauthorized signature or has been altered, (v) without notice of any claim to the instrument described in section 490:3-306, and (vi) without notice that any party has a defense or claim in recoupment described in section 490:3-305(a).

>. . . .

>(c) Except to the extent a transferor or predecessor in interest has rights as a holder in due course, a person does not acquire rights of a holder in due course of an instrument taken (i) by legal process or by purchase in an execution, bankruptcy, or creditor's sale or similar proceeding, (ii) by purchase as part of a bulk transaction not in ordinary course of business of the transferor, or (iii) as the successor in interest to an estate or other organization.

>. . . .

In addition, Haw. Rev. Stat. § 490:3-305 states, in pertinent part:

>(a) Except as stated in subsection (b), the right to enforce the obligation of a party to pay the instrument is subject to the following:

>>(1) A defense of the obligor based on (i) infancy of the obligor to the extent it is a defense to a simple contract, (ii) duress, lack of legal capacity, or illegality of the transaction which, under other law, nullifies the obligation of the obligor, (iii) fraud that induced the obligor to sign the instrument with neither knowledge nor reasonable opportunity to learn of its character or its essential terms, or (iv) discharge of the obligor in insolvency proceedings;

11

> (2) A defense of the obligor stated in another section of this article or a defense of the obligor that would be available if the person entitled to enforce the instrument were enforcing a right to payment under a simple contract; and
>
> (3) A claim in recoupment of the obligor against the original payee of the instrument if the claim arose from the transaction that gave rise to the instrument; but the claim of the obligor may be asserted against a transferee of the instrument only to reduce the amount owing on the instrument at the time the action is brought.
>
> (b) The right of a holder in due course to enforce the obligation of a party to pay the instrument is subject to defenses of the obligor stated in subsection (a)(1), but is not subject to defenses of the obligor stated in subsection (a)(2) or claims in recoupment stated in subsection (a)(3) against a person other than the holder.
>
> . . . .

Haw. Rev. Stat. § 490:3-306 states:

> A person taking an instrument, other than a person having rights of a holder in due course, is subject to a claim of a property or possessory right in the instrument or its proceeds, including a claim to rescind a negotiation and to recover the instrument or its proceeds.  A person having rights of a holder in due course takes free of the claim to the instrument.

### A.    **Breach of Contract**

Amended Count IV alleges that HCL breached the terms of Plaintiffs' Note by prematurely increasing Plaintiffs' monthly payments and by failing to give Plaintiffs an accurate accounting.  Plaintiffs also identified the provision of the Note that HCL allegedly violated.  [First Amended Complaint at ¶ 47.]

Plaintiffs argue that Deutsche Bank purchased Plaintiffs' loan subject to Plaintiffs' breach of contract claims against HCL because Deutsche Bank is not a holder in due course.  This Court finds that this is a plausible claim, but only to the extent that Plaintiffs can plead plausible factual allegations that, if proven, would support a finding that Deutsche Bank is not a holder in due course.  The First Amended Complaint, however, does not contain such allegations.  This Court acknowledges that some of the information necessary to plead such allegations is not in Plaintiffs' possession at this stage of the case, but it is still arguably possible for Plaintiffs to further amend their complaint to plead plausible factual allegations that, if proven, would support a finding that Deutsche Bank did not purchase Plaintiffs' loan as a holder in due course.

Deutsche Bank's Motion is therefore GRANTED IN PART AND DENIED IN PART as to Amended Count IV, which is DISMISSED WITHOUT PREJUDICE.

### B. UDAP

Even assuming, *arguendo*, that Plaintiffs can further amend their complaint to allege facts that would support their argument that Deutsche Bank is not a holder in due course, Plaintiffs' UDAP claim based upon HCL's and IndyMac's actions is insufficient. "Chapter 480 'provides for a cause of action against a "person, firm, company, association or corporation" that actually committed an unfair and deceptive trade practice.'" Young v. Bank of New York Mellon, 848 F. Supp. 2d 1182, 1192 (D. Hawai`i 2012) (quoting Araki v. Bank of Am., 2010 WL 5625970, at *6 (D. Hawai`i Dec. 14, 2010) (quoting Haw. Rev. Stat. § 480-3.1)). Deutsche Bank is not liable for Haw. Rev. Stat. § 480-2 damages claims for UDAPs allegedly committed by HCL and IndyMac before Deutsche Bank purchased Plaintiffs' loan. Further, even if Deutsche Bank is an assignee of HCL, "§ 480-2 liability does not attach 'merely because one is an assignee.'" See id. (quoting Araki, 2010 WL 5625970, at *6). Amended Count V therefore fails to the extent that it alleges a UDAP claim for damages against Deutsche Bank based upon the actions of HCL and IndyMac.

Amended Count V also alleges a UDAP rescission claim against Deutsche Bank. [First Amended Complaint at ¶ 59.] This district court has noted that:

> Although a section 480-13 damage claim based on violations of section 480-2 may only be asserted

14

>    against the wrongdoer, see Young v. Bank of New York Mellon, 848 F. Supp. 2d 1182, 1192, 2012 WL 262640, at *8 (D. Haw. Jan. 30, 2012), a rescission claim under Chapter 480 can stand against subsequent assignees if the contract is void.  Section 480-12 provides that "[a]ny contract or agreement in violation of this chapter is void and is not enforceable at law or in equity."  See Skaggs v. HSBC Bank USA, N.A., CV. No. 10-00247 JMS/KSC, 2011 WL 3861373 at *7 (D. Haw. Aug. 31, 2011) ("[Section] 480-12 can nevertheless provide a basis for rendering . . . [a] note and mortgage 'void and unenforceable' based on certain types of unfair or deceptive acts or practices committed by others in the loan consummation process.")  Plaintiff has alleged that Cambridge assigned or sold the loans to Moving Defendants.  Thus, if Cambridge violated Chapter 480 and the loan is void, Plaintiff can seek rescission against the Moving Defendants. Young, 848 F. Supp. 2d at 1193, 2012 WL 262640 at *9 ("[A] rescission claim under Chapter 480 can stand against subsequent assignees if the contract is void[.]"). . . .

Newcomb v. Cambridge Home Loans, Inc., 861 F. Supp. 2d 1153, 1157, 1168 (D. Hawai`i 2012) (footnote and citations omitted) (some alterations in Newcomb).[5]  Thus, if Amended Count V states a plausible claim that HCL's and/or IndyMac's actions rendered the Note void, Amended Count V states a plausible UDAP rescission claim against Deutsche Bank.

---

[5] Newcomb also states that "a plaintiff seeking affirmatively to void a mortgage transaction under § 480-12 must be able to place the parties in as close a position as they held prior to the transaction."  861 F. Supp. 2d at 1168 (citations and internal quotation marks omitted).  Insofar as this Court rules that Plaintiffs have not pled plausible allegations in support of their argument that the Note is void, this Court does not reach the issue of whether Plaintiffs pled the ability "to place the parties in as close a position as they held prior to the transaction."

15

Plaintiffs' UDAP allegations regarding HCL and IndyMac fall into three categories: actions related to loan origination, which Plaintiffs argue constitute predatory lending; actions related to Plaintiffs' inquiries regarding loan modification; and actions related to the increase in Plaintiffs' monthly mortgage payments. Plaintiffs' UDAP rescission claim based on the loan origination and loan modification allegations fail for the reasons stated in the 5/29/13 Order. 2013 WL 2367834, at *10 ("[E]xcept for the alleged breach of contract, Plaintiffs' allegations regarding IndyMac's and HCL's actions address Plaintiffs' ability to repay their loan and whether they were eligible for a more favorable loan program. These claims fail for the reasons stated in Stanton v. Bank of America, N.A.[,834 F. Supp. 2d 1061, 1082 (D. Hawai`i 2011).]"). Plaintiffs' allegations regarding the increase in their monthly payments merely assert a breach of contract and, standing alone, are not sufficient to support a UDAP claim. See Kapunakea Partners v. Equilon Enters. LLC, 679 F. Supp. 2d 1203, 1211 (D. Hawai`i 2009). Amended Count V therefore fails to the extent that it alleges a UDAP rescission claim against Deutsche Bank based upon the actions of HCL and IndyMac.

Insofar as this Court has previously identified the defects in these portions of Plaintiffs' UDAP claim against Deutsche Bank, and Plaintiffs failed to cure the deficiencies in

16

their amendments, this Court finds that further amendment would be futile. Cf. Johnson v. Am. Airlines, Inc., 834 F.2d 721, 724 (9th Cir. 1987) ("But courts have discretion to deny leave to amend a complaint for futility[.]" (citation and quotation marks omitted)). This Court therefore GRANTS Deutsche Bank's Motion as to the portions of Amended Count V alleging a UDAP claim against Deutsche Bank based upon the actions of HCL and IndyMac. Those portions of Amended Count V are DISMISSED WITH PREJUDICE.

## CONCLUSION

On the basis of the foregoing, Deutsche Bank's Motion to Dismiss Plaintiff's First Amended Complaint Filed July 31, 2013, filed on August 7, 2013, is HEREBY GRANTED IN PART AND DENIED IN PART. Specifically,

- the Motion is DENIED as to the portions of Amended Counts I, III, and V based on the assertion that the Assignment is invalid because HCL was dissolved prior to the Assignment;

- the Motion is DENIED WITHOUT PREJUDICE as to the portions of Plaintiffs' claims alleging that the foreclosure is invalid because Deutsche Bank failed to comply with Haw. Rev. Stat. § 667-5;

- the Motion is GRANTED insofar as Amended Count II is HEREBY DISMISSED WITH PREJUDICE, the portions of Amended Counts I, III, and V based upon the closure of the Trust and any other alleged violations of the PSA are HEREBY DISMISSED WITH PREJUDICE, and the portions of Amended Count V based upon the actions of HCL and IndyMac are HEREBY DISMISSED WITH PREJUDICE; and

- the Motion is GRANTED IN PART AND DENIED IN PART as to Amended Count IV, which is HEREBY DISMISSED WITHOUT PREJUDICE.

To the extent this Court has dismissed Amended Count IV without prejudice, this Court GRANTS Plaintiffs leave to file a Second Amended Complaint consistent with the terms of this Order. Plaintiffs must file their Second Amended Complaint by no later than **November 18, 2013**.  This Court CAUTIONS Plaintiffs that, if they fail to file their Second Amended Complaint by **November 18, 2013,** Amended Count IV may be dismissed with prejudice.  Further, if Plaintiffs' Second Amended Complaint fails to cure the defects identified in this Order or adds new parties, claims, or theories of liability, this Court may dismiss those claims with prejudice.

      IT IS SO ORDERED.

//

DATED AT HONOLULU, HAWAII, October 30, 2013.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge



**JOSEPH BILLETE, ET AL. VS. DEUTSCHE BANK NATIONAL TRUST COMPANY, ET AL; CIVIL 13-00061 LEK-KSC; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FILED JULY 31, 2013**